

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

P. Gerald C. Mann
ATT/////////////

Honorable John R. Shook
Criminal District Attorney
San Antonio, Texas

Dear Sir:

> Opinion Number O-3139
> Re: Does the warrant law permit
> the issuance of time warrants
> to be spent on any lateral
> roads, or should there exist
> an emergency before the war-
> rants can be issued for that
> purpose?

We acknowledge receipt of your opinion request of August 14, and quote from your letter as follows:

"The Commissioners' Court of this County intends to issue Road and Bridge Warrants in the sum of $55,000.00. The proceedings in connection with the proposed $55,000.00 in warrants will be patterned after the issue of $80,000.00 heretofore made and entered. For your inspection and approval I enclose a copy of such $80,000.00 transaction.

"In connection with the $55,000.00 Road and Bridge time warrants, the Commissioners have pro-pounded to us the following question, and ask that it be in turn submitted to you. The question by them is as follows:

"'Does the warrant law permit us to issue time warrants to be spent on any lateral roads, or should there exist an emergency before warrants can be used for such a purpose?'"

The powers of the Commissioners' Courts in relation to the building of county roads, except as to the limit of taxation for the purpose, are governed wholly by the statutes. This follows from the command of the Constitution, Article 11, Section 2, that the laying out, construction and repairing of such roads shall be provided for by general laws. Article 2351, Vernon's Annotated Civil Statutes, provides:

"Each commissioners court shall:
* * * *
"3. Lay out and establish, change and discontinue public roads and highways.
* * * *
"6. Exercise general control over all roads, highways, ferries and bridges in their counties."

Power to issue time warrants in payment for the construction of roads has been implied from the duty and authority to construct same. Lasiter v. Lopez, 217 S.W. 373; see also San Patricio County v. McClane, 58 Tex. 243; Stratton v. Commissioners' Court, 137 S.W. 1170; Adams v. McGill, 146 S. W.(2d) 332.

In view of the foregoing we see that the Commissioners' Court has authority to issue time warrants for improvement of all county roads, and we know of no authority that requires the Commissioners' Court to specify the specific road or roads to be improved.

Where no specific roads are named in the notice and order it would be in the discretion of the Commissioners' Court to issue the warrants for the improvement of any county road. Brown v. Preston County Court, 90 S. E. 166; Wright v. Allen, 257 S. W. 980.

However, if the Commissioners' Court sees fit to specify certain roads in the notice and order, they are within their legal rights in annexing a condition in the notice and order which fixes the exact roads to be improved. See Moore v. Coffman, 200 S. W. 374; Fletcher v. Ely, 53 S. W. 817. When the roads are thus designated, the Commissioners' Court must improve those particular roads. Black v. Strength, 246 S. W. 79.

In reply to your discussion of Article 2368a, Vernon's Annotated Civil Statutes, this department has always contended that this article does not attempt to set out the purposes for which a county may lawfully issue time warrants. Said article merely regulates in detail the financing of public improvements by counties and municipalities and prescribes the steps which must be taken prior to the issuance of evidences of indebtedness for such improvements. This contention was upheld in the case of Adams v. McGill, supra.

Specifically answering your question, it is our opinion that the Commissioners' Court has the authority to issue time warrants to improve any lateral road in the county. In issuing said warrants the court must comply strictly with the terms of Article 2368a. If an emergency exists, such as is defined in Section 5 of Article 2368a, then the restrictions imposed by Sections 2, 3 and 4 of said article do not apply.

With reference to the $80,000 issue of Road and Bridge warrants mentioned in your request, this department officially approved this issue on August 21, 1941, when part of the issue was funded into bonds.

Trusting that this answers your question, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Claud O. Boothman
Claud O. Boothman
Assistant

APPROVED AUG. 26, 1941

/s/ Grover Sellers
First Assistant
Attorney General

COB-e

APPROVED
OPINION COMMITTEE
BY BWB
CHAIRMAN